**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**MERCK SHARP & DOHME CORP.,**          )
                                        )
    **Plaintiff,**                   )
                                        )
**v.**                                  )   Civil Action No. 10-1110 (CKK)
                                        )
**HON. DAVID J. KAPPOS,**               )
   **Under Secretary of Commerce for**   )
   **Intellectual Property & Director of the** )
   **United States Patent & Trademark Office,** )
                                        )
    **Defendant.**                   )
_____)

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), the Honorable David J. Kappos, Undersecretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("Defendant" or "USPTO"), hereby responds to the Complaint of Merck Sharp & Dohme Corp. ("Plaintiff") as follows:

## AFFIRMATIVE DEFENSES

Plaintiff's civil action is untimely under 35 U.S.C. § 154(b)(4)(A).

Defendant reserves the right to affirmatively assert any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

Using the same numbering contained in the Complaint, the Defendant hereby answers the Complaint as follows:

# NATURE OF THE ACTION[1]

¶ 1. This paragraph contains Plaintiff's characterization of its case, to which no response is required.

¶ 2. This paragraph contains Plaintiff's characterization of its case, to which no response is required.

# JURISDICTION AND VENUE

¶ 3. This paragraph contains conclusions of law, as to which no response is required. To the extent a response to these allegations is required, Defendant denies them.

¶ 4. Admit.

¶ 5. Deny.

# THE PARTIES

¶ 6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and so denies them.

¶ 7. Admit.

# BACKGROUND

¶ 8. Defendant admits that Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra and Robert M. Wenslow, Jr. are named as the inventors on the face of U.S. Patent 7,326,708 ("'708 patent"), entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor," which issued from U.S. Patent Application 10/874,992 on February 5, 2008. The second and third sentences are Plaintiff's characterization of the '708

---

[1] The headings in this Answer are included solely for ease of reference. Defendant does not respond to any allegations contained in the headings that appear in Plaintiff's Complaint. To the extent a response to those allegations is required, Defendant denies them.

patent, to which no response is required. To the extent a response to these allegations is required, Defendant denies them.

¶ 9.    Admit.

¶ 10.   The first sentence of this paragraph contains conclusions of law as to which no response is required. Defendant admits that the second sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(3)(D).

¶ 11.   This paragraph contains conclusions of law to which no response is required.

¶ 12.   Admit.

¶ 13.   Defendant admits that this paragraph contains an accurate quotation of the first two sentences of 35 U.S.C. § 154(b)(4)(A).

## **CLAIM FOR RELIEF**

### **Count I**

¶ 14.   Defendant repeats and incorporates herein its responses to paragraphs 1 through 13 above.

¶ 15.   Defendant admits the allegations contained within the first sentence of this paragraph. In response to the second sentence of this paragraph, Defendant admits that prior to the decision in Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008) ("Wyeth I") aff'd sub. nom. Wyeth v. Kappos, 591 F.3d 1364 (Fed. Cir. 2010) ("Wyeth II"), patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the court. Defendant denies the allegations contained within the remainder of this paragraph.

¶ 16.   Admit.

¶ 17.   Admit.

¶ 18.   Deny.

¶ 19.   Admit.

¶ 20.   Defendant admits that the first sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(2)(A).  In response to the allegations contained within the second sentence of this paragraph, Defendant admits that the A delay for the '708 patent is 657 days, but denies that the B delay is 226 days.  In response to the allegations contained within the third sentence of this paragraph, Defendant admits that under the definition of overlap set forth in Wyeth II, the A delay and B delay periods do not overlap.

¶ 21.   Admit.

¶ 22.   Deny.

¶ 23.   In response to the allegations contained within the first sentence of this paragraph, Defendant admits that prior to the decision in Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008) ("Wyeth I") aff'd sub. nom. Wyeth v. Kappos, 591 F.3d 1364 (Fed. Cir. 2010) ("Wyeth II"), patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the court.  Defendant denies the allegations contained within the remainder of this paragraph.

¶ 24.   In response to the allegations contained within the first, second, and third sentences of this paragraph, Defendant admits that prior to the decisions in Wyeth I and Wyeth II, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the court.  Defendant denies the allegations contained within the last sentence of this paragraph.

¶ 25.   In response to the allegations contained within the first sentence of this paragraph, Defendant admits that prior to the decisions in <u>Wyeth I</u> and <u>Wyeth II</u>, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the court.  Defendant denies the allegations contained within the remainder of this paragraph.

## Count II

¶ 26.   Defendant repeats and incorporates herein its responses to paragraphs 1 through 25 above.

¶ 27.   In response to the allegations contained within the first sentence of this paragraph, Defendant admits that prior to the decisions in <u>Wyeth I</u> and <u>Wyeth II</u>, patent term adjustments were determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced by the court.  Defendant admits the allegations contained within the second sentence of this paragraph.  Defendant denies the allegations contained within the third sentence of this paragraph.

¶ 28.   Defendant admits the allegations contained within the second sentence of this paragraph.  Defendant further admits that the third sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(4)(A).  Defendant denies all other allegations contained within this paragraph.

¶ 29.   Deny.

¶ 30.   Deny.

## **PRAYER FOR RELIEF**

The remainder of the complaint contains Plaintiff's prayer for relief, to which no response is required. Defendant denies that plaintiff is entitled to any relief.

Defendant denies every allegation contained in the Complaint not specifically admitted herein.

        Respectfully submitted,

        RONALD C. MACHEN JR., D.C. Bar # 447889
        United States Attorney
        for the District of Columbia

        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Chief, Civil Division

BY:    /s/
        MITCHELL P. ZEFF, D.C. Bar # 494066
        Assistant United States Attorney
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        Phone: (202) 514-7352
        Fax: (202) 514-8780
        mitchell.zeff@usdoj.gov

Of Counsel:
Raymond T. Chen, Solicitor
Benjamin D. M. Wood
Thomas V. Shaw
Joseph G. Piccolo
Associate Solicitors
United States Patent and Trademark Office